**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DANIEL SANCHEZ-SEQUERA,

    Petitioner,

        v.

CLAIR DOLL, *et al.*

    Respondents.

NO. 3:18-CV-0184

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Daniel Sanchez-Sequera ("Petitioner"). For the reasons that follow, the Petition will be granted insofar as Petitioner seeks an individualized bond hearing.

### **I. Background**

Petitioner is a Venezuelan national who left Venezuela in December 2011 and has not returned since. (*See* Doc. 1, Ex. G at 49). Petitioner acquired legal status in Costa Rica shortly thereafter. (*See id.*). On December 2, 2014, Petitioner entered the United States on a valid B-2 non-immigrant visa. (*See id.*, Ex. I at 60).

On January 7, 2015, Petitioner was arrested for money laundering and mail fraud based on his involvement in a scheme with others to purchase Viagra and Cialis from India for resale in the U.S. "as if the drugs originated in the United States under FDA approval." (*Id.*, Ex. G at 47; *see also* Doc. 8-1, Ex. 1 at 4). Petitioner pleaded guilty on October 29, 2015 and was sentenced to imprisonment of twenty-one months for each offense. (*See* Doc. 1, Ex. G at 47).

On or about July 14, 2016, Petitioner was turned over to Immigration and Customs Enforcement ("ICE"), who kept him in custody. (*See id.*, Ex. N at 98; Doc. 8-1, Ex. 2 at 6-8). Having been found removable under INA § 237(a)(2)(A)(iii) for committing an aggravated felony, ICE issued Petitioner an I-851, Notice of Intent to

Issue a Final Administrative Removal Order. (*See id.*). Even though Petitioner did not attempt to challenge the I-851, he requested relief from removal only in the form of withholding of removal under INA § 241(b)(3). (*See* Doc. 1, Ex. J at 61). On July 26, 2016, ICE issued a final administrative removal order. (*See* Doc. 8-1, Ex. 3 at 9). Within a month, Petitioner's case was referred to the New Jersey Asylum Office to begin adjudicating his request for withholding of removal. (*See* Doc. 1, Ex. N at 99). Petitioner was found to have a reasonable fear of persecution upon return to Venezuela and his case was referred to an Immigration Judge for review. (*See id.*; Doc. 8-1, Ex. 5 at 11-12).

On November 2, 2016, Immigration Judge Walter A. Durling ordered Petitioner's removal to Costa Rica, but indicated Petitioner's proceedings would be reopened if removal to Costa Rica was not possible. (*See* Doc. 1, Ex. C at 40; Doc. 8-1, Ex. 6 at 12). On December 18, 2016, an Immigration Judge reopened Petitioner's proceedings after the Costa Rican consulate issued a letter declaring Petitioner could not be removed to Costa Rica. (*See* Doc. 1, Ex. N at 99). Petitioner's application for withholding of removal was granted by Judge Durling on March 20, 2017 and was subsequently appealed by the Department of Homeland Security ("DHS") to the Board of Immigration Appeals ("BIA") on April 18, 2017. (*See* Doc. 1, Ex. N at 95, 99; Doc. 8-1, Ex. 7 at 14-20). The BIA remanded Petitioner's case to the Immigration Judge on August 24, 2017 to determine whether his conviction constituted a "particularly serious crime." (*See* Doc. 8-1, Ex. 14 at 38-41.). On November 6, 2017, Judge Durling vacated his earlier grant of withholding of removal, but nevertheless decided to defer Petitioner's removal to Venezuela pursuant to 8 C.F.R. §1208.17(a). (*See* Doc. 1, Ex. G at 50; Doc. 8-1, Ex. At 21-26). DHS then appealed Judge Durling's deferral of removal decision to the BIA on November 29, 2017. (*See id.*, Ex. N at 99). On January 24, 2018, the BIA returned Petitioner's case to the Immigration Judge because a portion of the record was missing, and instructed that the appeal would be considered once the complete record was received. (*See* Doc. 8-1, Ex. 15 at 44-46).

Petitioner requested review of his detention with ICE approximately four times over the course of his pending withholding of removal proceedings. (*See* Doc. 1 at Ex. G; Doc. 8-1 Ex. 9, 12, 13, 15). Each request was denied on the ground that his immigration proceedings were still pending due to various appeals to the BIA.[1] (*See id.*).

Based on the foregoing, Petitioner seeks relief pursuant to 28 U.S.C. § 2241. (*See* Doc. 1, *generally*). Petitioner contends that his continued detention is unconstitutional. (*See* Docs. 1, 10, *generally*). The Government disputes that Petitioner is entitled to relief. (*See* Doc. 8, *generally*). The § 2241 petition is now ripe for disposition.

## II. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

---

[1] The December 5, 2017 decision to continue Petitioner's detention appears to rest only on the basis that his case was pending on appeal before the BIA, even though the ICE Field Officer noted that Petitioner's "criminal history demonstrates [he] pose[s] a potential public safety concern." (*See* Doc. 8-1, Ex. 9 at 28).

### III. Discussion

The Third Circuit recently discussed the post-removal order detention statute at issue in this case, 8 U.S.C. § 1231(a), in light of the Supreme Court's decision in *Zadvydas*, which held post-removal detention is presumptively reasonable for up to six months, at which point continued detention is no longer reasonable if removal is not "reasonably foreseeable." 533 U.S. at 699, 703, 121 S.Ct. at 2503, 2505. In *Guerrero-Sanchez v. Warden York Cty. Prison,* the Third Circuit invoked the canon of constitutional avoidance to find that the construction of 8 U.S.C. § 1231(a)(6) entitles an alien facing detention beyond the six-month period to be released on bond unless the government establishes by clear and convincing evidence that the alien poses a flight risk or danger to the community. 905 F.3d 208, 226 (3d Cir. 2018). Accordingly, under 8 U.S.C. § 1231(a), the government may detain an alien subject to a final order of removal who is in the process of withholding only proceedings and whose removal is not imminent for six months before a bond hearing is necessitated. *Id.* However, after six months of detention, the government must afford that individual a bond hearing at which the government bears the burden of justifying ongoing detention by clear and convincing evidence. *Id.* at 222 n.11.

In this case, as conceded by the Government, the order of administrative removal issued on July 26, 2016 is "administratively final" because it was entered after proper notice, without appeal, and has not been revoked at any time. *See* Doc. 8 at 9 ("Sanchez-Sequera has a final order of removal as defined by 8 U.S.C. § 1228(b) and the accompanying regulations."); *Guerrero-Sanchez*, 905 F.3d at 216 ("A removal order is unquestionably final when it is first entered.") (citing 8 C.F.R. § 241.1). Additionally, Petitioner's removal is not reasonably foreseeable because of his inability to be deported to Costa Rica and his pending withholding of removal proceedings. Thus, Petitioner, who has been continuously detained by ICE for more than twenty-six months, is entitled to a bond hearing.

## IV. Conclusion

For the above stated reasons, the § 2241 petition will be granted insofar as it seeks an individualized bond hearing before an Immigration Judge.

An appropriate order follows.

 October 30, 2018  /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge